**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUANITA GARCIA,

      Plaintiff,

v.                                                                              No. 1:12-CV-00383-LH-RHS

THE CITY OF FARMINGTON,

      Defendant.

**DEFENDANT'S MEMORANDUM MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S BREACH OF SETTLEMENT AGREEMENT CLAIM**

Defendant, the City of Farmington (the "City"), submit this brief in support of its Motion

for Summary Judgment as to Plaintiff's claims of breach of settlement agreement. The

undisputed material facts plainly establish that the March 2012 Settlement Agreement (the

"Agreement") has not been breached. The City properly met its obligations pursuant to the

Agreement. While Ms. Garcia initially failed the written exam in April 2012, she passed the

written exam in October 2012 and later skills assessment and was moved into an Operator

Technician I position. Thus, the terms of the Agreement have been met and this claim should be

dismissed.

## I.      STATEMENT OF UNDISPUTED MATERIAL FACTS.

1.      On March 28, 2012 Plaintiff, Juanita Garcia, and the IBEW on her behalf, entered

into a Settlement Agreement with the City of Farmington to resolve the claims that scheduled for

arbitration as a result of the grievance filed on September 17, 2010 by Ms. Garcia. Settlement

Agreement, attached as Exhibit A; and September 17th, 2010 grievance, attached hereto as

Exhibit B.

2.     The Settlement Agreement required that the City send a memo and e-mail correspondence to employees of the Generation Division.   A written memorandum was sent to employees of the generation division on March 29, 2012.  *See* Memorandum, attached hereto as Exhibit C.  On March 30, 2012, an e-mail was sent to employees of the generation division also in compliance with the settlement agreement.  *See* E-Mail, attached hereto as Exhibit D.

3.     The parties also agreed to a "clean slate" whereby any promotion and employment decision affecting Ms. Garcia would be based on her conduct and performance from March 28, 2012 forward.  *See* Agreement.

4.     As an additional term, Ms. Garcia would take the written examination for the Operations Technician I position, and a position would be available for her upon successful passage of the test.  *Id.*

5.     Moreover, Ms. Garcia would be permitted training and, if requested, postponement of the hands on test component of the Operations Technician I hands on testing prior to taking the hands on test.  *Id.*

6.     In April 2012 when Ms. Garcia took the written examination for the Operation Technician I position, she failed that exam.  *See* Correspondence of April 5, 2012, attached hereto as Exhibit E.  Ms. Garcia would be allowed to retest after 6 months.  In the intervening time, the City provided her with additionally opportunities to observe various start-ups at the Animas plant.  *See* Memo, attached hereto as Exhibit F.

7.     When she retested in October of 2012, Ms. Garcia successfully passed the written portion of her examination.  In addition, Ms. Garcia later successfully passed the hands-on portion of her examination.  *See* Candidate Assessment, attached hereto as Exhibit G.

8.  Therefore, Ms. Garcia now holds the position of an Operations Technician I for the City of Farmington.

9.  The City complied with the terms of the Settlement Agreement. *See* Michael Sims Depo P. 145, ln. 13 to p. 147, ln. 16, attacheded as Exhibit H.

**II.  BECAUSE THERE HAS BEEN NO BREACH, PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS.**

A breach of contract occurs when: (1) performance under a contract is due, and (2) the party obligated to perform, fails to perform.  NMUJI 13-822 and 13-8231 A breach of contract can also occur when a party repudiates performance due under a contract.  NMUJI 13-822 and 13-824.  RESTATEMENT 2ND OF CONTRACTS, § 235 (2) ("when performance of a duty under a contract is due any non-performance is a breach"); *Skarda v. Davis*, 83 N.M. 342, 347, 491 P.2d 1153 (1971) (lower court found defendants breached contract by failing to perform contract).

The undisputed material facts evidence compliance with the terms of the Settlement Agreement.  There has been no breach.  The City promised to send a memo reminding employees of expectations concerning harassment, discrimination and retaliation.  It sent the memo.  Garcia has never complained that the memo was insufficient.  The City promised to send an email about expectations on proper direction of work assignments.  It sent the e-mail.  Garcia never complained that the e-mail was deficient.  The City promised to hold an Operations Technician I position open for Ms. Garcia until she passed. While she initially failed the exam, she eventually passed and was moved into an Operations Technician I position.

Ms. Garcia has not articulated any material manner in which the Agreement has been breached.  Thus, this claim fails and is properly dismissed.

**III. CONCLUSION**

For all the foregoing reasons, Plaintiff's breach of settlement agreement claim fails. Defendant respectfully requests that the Court enter judgment in its favor as Plaintiff's claim and for such other and further relief as the Court deems just and proper.

> MODRALL, SPERLING, ROEHL, HARRIS
> & SISK, P.A.
>
>
> By: */s/ Lorena Olmos*
> Brian Nichols
> Lorena Olmos
> Attorneys for Defendant
> Post Office Box 2168
> Bank of America Centre
> 500 Fourth Street NW, Suite 1000
> Albuquerque, New Mexico  87103-2168
> Telephone: 505.848.1800

WE HEREBY CERTIFY that a true and correct copy
of the foregoing pleading was mailed to all counsel
of record this  14th day of November, 2013.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.


By:    */s/ Lorena Olmos*
Lorena Olmos


W2026216.DOCX