IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUANITA GARCIA,
    Plaintiff,

VS.                  NO. 1:12-CV-00383-LH/RHS

THE CITY OF FARMINGTON,
    Defendant.

******************************************
DEPOSITION OF MICHAEL SIMS
September 24, 2013
7:59 a.m.
200 W. Arrington
Farmington, New Mexico 87401
******************************************

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, this deposition was:

TAKEN BY:   Mr. Michael E. Mozes
           ATTORNEY FOR PLAINTIFF

REPORTED BY:Jeannine K. Sims, RPR, NM CCR #12
           Paul Baca Court Reporters
           500 Fourth Street NW, Suite 105
           Albuquerque, New Mexico 87102


EXHIBIT H

```
1        Q.   And the upstairs bathroom actually has a
2   stall in it, correct?
3        A.   That's correct.
4        Q.   And does the stall have a latch that works?
5        A.   I can tell you that the latch worked the
6   last time that I used that bathroom.
7        Q.   All right.  With regards to the evaluations
8   of Ms. Garcia's job performance, are those done by
9   Richard Miller?
10       A.   Yes.
11       Q.   Do you believe his evaluations to be fair?
12       A.   Yes.
13       Q.   Are you familiar with the settlement
14  agreement that was entered into between the City and the
15  union with regards to Ms. Garcia's complaints?
16       A.   Yes, I am.
17       Q.   Why is that?
18       A.   I was party to those negotiations that were
19  handled during arbitration.
20       Q.   Okay.  Why were you a party to that?
21       A.   As the manager over that department I was
22  included along with outside counsel and the Director of
23  the Utility as part of the City's negotiating team if you
24  will in that arbitration.  Not negotiating team but
25  representatives in that arbitration.
```

1          Q.    Were you tasked with some responsibility
2    about carrying out some of the requirements of the
3    settlement agreement?
4          A.    Yes.
5                (Marked Sims Exhibit No. 28.)
6          Q.    (BY MS. OLMOS)  Okay.  I'm going to hand you
7    what's been marked as No. 28 to your deposition.  Is that
8    the settlement agreement?
9          A.    Yes.
10         Q.    Okay.  I want to review with you some of
11   the -- you testified earlier that one of the memos that
12   Mr. Mozes showed you, a March 29th memo that was marked
13   as an exhibit to your deposition, was a direct result of
14   a requirement of the settlement agreement.
15         A.    What was the question?
16         Q.    One of the memos that -- on the first page
17   of the settlement agreement --
18         A.    Uh-huh.
19         Q.    -- there's bulleted Paragraph No. 1.
20         A.    Okay.
21         Q.    And it requires that a memo be sent.
22         A.    That's correct.
23         Q.    Was that done?
24         A.    That was done.  Yes.
25         Q.    The second bulleted item also requires that


1 another memo be sent about expectations as far as work

2 assignments. Was that done?

3     A. That was done.

4     Q. There is a requirement that the position for

5 an Operations Technician I be held open for Ms. Garcia

6 and that she test as required. She now holds that

7 Operations Technician I position, correct?

8     A. That's correct.

9     Q. There's another -- on the second page there

10 is a bulleted requirement that the parties establish a

11 clean slate. To your knowledge was that done?

12     A. Yes.

13     Q. Are there any requirements of this

14 settlement agreement that to your knowledge have not been

15 complied with on behalf of the City?

16     A. No.

17     MS. OLMOS: That's all the questions I have.

18     * * *

19     F U R T H E R   E X A M I N A T I O N

20 BY MR. MOZES:

21     Q. Well, let's just keep that right in front of

22 you, sir. So I'm going to go to the third bulleted item

23 because I want to make sure I understand this. "A

24 position of Operations Technician I will be held open

25 until Ms. Garcia takes the test for that position, as set