**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

JUANITA GARCIA,

      Plaintiff,

v.                                        No. Civ. 12-383 JCH/SCY

THE CITY OF FARMINGTON,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

On February 1, 2016, Defendant filed an Opposed Motion in Limine to Exclude Recordings, Transcripts, and Testimony of Juanita Garcia due to her Intentional Spoliation of Evidence (ECF No. 112). For the reasons stated on the record during a hearing held on February 17, 2016, the Court denied Defendant's motion. *See* Clerk's Minutes, ECF No. 151. The Court held a bench trial in this case from February 22-26, 2016. None of the recordings or transcripts Ms. Garcia made that were at issue in Defendant's motion in limine was introduced at trial. On March 1, 2016, Defendant filed a Renewed Motion for Adverse Spoliation Inference and to Strike Testimony of Juanita Garcia due to Spoliation of Evidence (ECF No. 156). As a remedy for Plaintiff's purported spoliation of evidence, Defendant asks the Court to sanction Plaintiff as follows: (1) infer that destroyed recordings would show that Plaintiff was not subject to a hostile or discriminatory work environment, that the City did not breach the March 28, 2012 Settlement Agreement, and that the City did not discriminate against Ms. Garcia with respect to promotion; and (2) disregard all of Plaintiff's testimony, or all of her testimony that relates to or depends upon her interactions with co-workers and supervisors. Def.'s Renewed Mot. 4-5, ECF No. 156. The Court, having considered the motion, briefs, evidence, applicable law, and otherwise being

fully advised, concludes that Defendant's Renewed Motion for Adverse Spoliation Inference and to Strike Testimony of Juanita Garcia due to Spoliation of Evidence (ECF No. 156) should be granted only to the extent that the Court will consider the evidence Defendant presented of Plaintiff making numerous recordings, and of her failure to preserve those recordings, when it weighs the evidence presented at trial regarding the hostile work environment, failure to promote, and breach of settlement agreement claims, but in all other respects, the motion will be denied.

## I.    BACKGROUND

The City of Farmington hired Plaintiff as an Operations Technician Trainee I on April 1, 2009. On September 17, 2010, Plaintiff filed a grievance about "discrimination and unfair treatment." Trial Ex. 76. Plaintiff filed a Charge of Discrimination with the EEOC on December 14, 2010, alleging discrimination based on sex, age, and national origin, and retaliation. *See* Trial Ex. 109.

Plaintiff made multiple recordings, more than a dozen, during the time she worked for the City. Trial Tr. 812:22-813:15, 816:3-817:12. Plaintiff did not remember exactly when she made the recordings, but believes she began making recordings in 2011. *See id.* 816:3-817:12. Plaintiff transcribed at least some of the recordings within a week of recording. *See id.* 816:16-818:14. She produced in discovery five recordings and 10 transcripts for which she did not produce a corresponding recording. *See* Def.'s Renewed Mot. 2, 6-7, ECF No. 156. Of the transcripts and recordings she disclosed, the first audio recording was made March 15, 2011, and the last recording was made November 1, 2012. *See* Trial Tr. 816:17-822:19; Def.'s Renewed Mot. 2, ECF No. 156.

Plaintiff remembered deleting three or four recordings. Trial Tr. 816:1-2. She deleted

material that she believed to be insignificant, for example, of conversations saying "good morning" or recordings where all she could hear was the scratching of her shirt. *See id.* 814:11-24. Plaintiff testified that her computer crashed in 2011 or 2012 and she lost material at that time. *See id.* 816:25-818:7. Plaintiff admitted, however, that she had not raised the computer error in her previous deposition testimony. *See id.* 827:18-25.

On April 13, 2012, Plaintiff filed her lawsuit against the City for gender discrimination, retaliation, and prima facie tort. Compl., ECF No. 1. Plaintiff admitted at trial that she deleted some of the recordings without giving them to her attorney or to Defendant. *See* Trial Tr. 814:11-815:9. Based on the evidence, Ms. Garcia deleted multiple recordings, more than the four recordings she remembered, without disclosing them to Defendant. *See id.* 816:17-828:4.

## II.     ANALYSIS

"A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington Northern and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). If an aggrieved party seeks an adverse inference to remedy the spoliation, the party must also prove bad faith. *Turner v. Public Service Co. of Colo*, 563 F.3d 1136, 1149 (10th Cir. 2009). A court may also impose lesser spoliation sanctions on the culpable party. *Id.*

The first prong has been met here because Plaintiff admits to recording the evidence to help support her version of her workplace environment and the recordings were made after she filed her September 17, 2010 grievance and after she filed her EEOC Charge. Ms. Garcia thus should have known that litigation was imminent. *Cf. McCargo v. Texas Roadhouse, Inc.*, No. 09-

3

cv-02889, 2011 WL 1638992, at *4 (D. Colo. May 2, 2011) (finding that duty to preserve evidence was triggered by plaintiff's formal internal complaint).

Turning to the second prong, Defendant has not convinced the Court that it has been prejudiced by the destruction of the evidence to justify the severe sanction requested. Plaintiff admits that the reason she did not keep the recordings she deleted is that they contained nothing of significance to her, in other words, the recordings did not capture unfair and discriminatory treatment of her. Plaintiff's admission cures any prejudice Defendant may have suffered, as the Court will consider the admission that is favorable to the City's defense as it weighs the evidence in the case. The Court will not order as a sanction the overly harsh legal conclusions that she was not subject to a hostile or discriminatory work environment, that the City did not breach the March 28, 2012 Settlement Agreement, and that the City did not discriminate against Ms. Garcia with respect to promotion, because such sanctions are not proportionate to the prejudice suffered by Defendant.

Finally, the evidence indicates that Plaintiff's actions in deleting the recordings were intentional and more than merely negligent, but she did not act with a sinister intent. Plaintiff did not believe the recordings were relevant, and it does not appear she knew or understood that she had a duty to preserve all her recordings. That she deleted recordings she did not believe were relevant to her case is not the same as deleting evidence she knew was bad for her case in an attempt to keep it out of her opposing party's hands. The evidence here does not support an inference of consciousness of a weak case sufficient to warrant the requested harsh sanctions, which effectively would resolve Plaintiff's case on the spoliation issue, rather than the merits. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) ("Mere negligence in losing

4

or destroying records is not enough because it does not support an inference of consciousness of a weak case.").

Nevertheless, some sanction is appropriate because she made the recordings in an effort to build her case, she knew administrative actions were ongoing and litigation would likely follow, yet she intentionally deleted the recordings she did not believe to be of significance to her. *Cf. Lutalo v. National R.R. Passenger Corp.*, 2013 WL 1294125, at *5-6 (D. Colo. March 28, 2013) (refusing to order harsh adverse inference instruction as sanction but agreeing that lesser sanction is appropriate, because a "person who knows that he is actively pursuing litigation that involves his use of a disposable cell phone cannot disregard his duty to preserve it even before the case is filed"); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 107 (D. Colo. 1996) ("[J]udges must be careful to tailor the remedy to the problem, and take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms. The sanction to be applied needs to be one which is appropriate to the truth-finding process, not one that ... serve[s] only further to suppress evidence.") (internal quotations and citations omitted; alteration in original). Consequently, as a sanction, the Court will consider the evidence Defendant presented of Plaintiff making numerous recordings and of her failure to preserve those recordings when it weighs the evidence presented at trial regarding the hostile work environment, failure to promote, and breach of settlement agreement claims. *See Lutalo*, 2013 WL 1294125 at *6 (imposing, among other things, sanction of allowing Defendant to present evidence of preservation email and Plaintiff's failure to preserve phone and of arguing whatever inference they hope jury will draw).

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for Adverse Spoliation Inference and to Strike Testimony of Juanita Garcia due to Spoliation of Evidence (**ECF No. 156**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's request to impose a sanction for spoliation of evidence is **GRANTED** in that the Court, when it weighs the evidence presented at trial, will consider the evidence Defendant presented that Plaintiff made numerous recordings and failed to preserve them, and the recordings did not capture unfair and discriminatory treatment of her.

2. In all other respects, Defendant's requests to impose the sanctions are **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**