IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JUANITA GARCIA,

       Plaintiff,

v.                                                                No. Civ. 12-383 JCH/SCY

THE CITY OF FARMINGTON,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

On August 22, 2016, Plaintiff Juanita Garcia filed a Motion for Costs and Application for Attorney's Fees and Expenses (ECF No. 173). The Court, having considered the motion, briefs, evidence, applicable law, and otherwise being fully advised, concludes that the motion should be granted in part and denied in part. The Court will enter an award of attorney's fees, expenses, and costs, but will reduce the requested amount, as described herein.

    **I.    PROCEDURAL HISTORY**

On May 9, 2013, Plaintiff filed a First Amended Complaint with six causes of action. First Am. Compl., ECF No. 35. On March 13, 2015, the Court granted Defendant summary judgment on Plaintiff's retaliation claims (Counts III and IV) and prima facie tort (Count V). Mem. Op. and Order, ECF No. 88. The Court held a five-day bench trial on February 22-26, 2016, on Plaintiff's three remaining claims. After trial, the Court entered Findings of Fact and Conclusions of Law, in which the Court found for Plaintiff and against Defendant on Ms. Garcia's hostile work environment claim (Count II) and awarded her $20,000.00 in compensatory damages. Findings of Fact and Conclusions of Law 33-39, ECF No. 169. The Court also concluded, "Ms. Garcia is entitled to her reasonable attorney's fees and costs on her

Title VII hostile work environment claim. *See* 42 U.S.C. § 2000e-5(k)." *Id.* at 39. The Court, however, found for Defendant and against Plaintiff on Ms. Garcia's claims for failure to promote (Count I), breach of the settlement agreement (Count VI). *Id.* 29-33, 39-41.

## II. ANALYSIS

### A. Attorney's Fees

The court may award a prevailing party in a Title VII proceeding "a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). Determining a reasonable award of attorney's fees is a two-step process: first, the court must determine whether an applicant is a prevailing party entitled to reimbursement of her fees; and second, the court must determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[1] "[A] plaintiff 'prevails' 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Browder v. City of Moab*, 427 F.3d 717, 722 (10th Cir. 2005) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). This Court already determined that Plaintiff prevailed on her hostile work environment claim and is entitled to a reasonable fee award.

In order to arrive at a reasonable fee, courts generally use the "lodestar amount," which is the "product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Hensley*, 461 U.S. at 433). The fee applicant has the burden of showing entitlement to the award and documenting the appropriate hours expended and hourly rates. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). The district court may reduce the award where the documentation of hours is inadequate. *Hensley*, 461 U.S. at 433. Records must reveal all hours

---

1 The provision for attorney fees in 42 U.S.C. § 1988 was patterned upon the attorney's fees provisions in Title II and VII of the Civil Rights Act of 1964, and thus, the same standards apply to all cases in which Congress has authorized an award of fees to a "prevailing party." *Hensley*, 461 U.S. at 433 n.7.

for which the attorney seeks compensation and how the attorney allotted those hours to specific tasks. *Robinson*, 160 F.3d at 1281. A court may reduce the lodestar calculation where the prevailing part achieved only partial success. *See Hensley*, 461 U.S. at 435-37. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

### 1. Hours Reasonably Expended by Plaintiff's Counsel

Defendant contends that Plaintiff did not differentiate in her attorney's fees request which hours counsel spent on the successful hostile work environment claim, as opposed to the unsuccessful claims. Defendant urges the Court to deny Plaintiff fees entirely. Despite that the Attorney Time Records and Expenses are not as detailed regarding certain line items as desired by the Court, in general they are sufficient, when considered with the other evidence, to determine that a significant portion of counsel's time was reasonably expended in litigation of the hostile work environment claim.

Nevertheless, the Court finds that a percentage reduction of hours is fair and reasonable in this case in light of Plaintiff's failure to prevail on the failure to promote and breach of settlement agreement claims, claims this Court found to be without merit. Much of the evidentiary support for the unsuccessful claims was distinct from the hostile work environment claim, making them largely unrelated. Plaintiffs' billing records, however, are not so detailed to enable the Court to carve out with specificity work that was only pertinent to the failure-to-promote and breach of contract claims. The Court thus will use its discretion to use a percentage reduction to account for Plaintiff's limited success on the merits. *See Browder*, 427 F.3d at 723 (explaining that court should only award prevailing plaintiff attorney's fees for time spent prosecuting successful claim and those related to it).

Plaintiff only met with success with one out of five initial claims, and the result was not one of complete vindication for Plaintiff. Nevertheless, the thrust of this case was the hostile work environment claim and that claim was the more significant issue in the case. For example, in Plaintiff's Revised Proposed Findings of Fact and Conclusions of Law (ECF No. 165), approximately 2/3 of document relates to the hostile work environment claim, while 1/3 relates to the unsuccessful claims. The majority of witnesses had testimony to offer on the hostile work environment claim. The Court finds that this general pattern bore out at trial and litigation as a whole. Moreover, reviewing the time records, a sizeable portion of counsel's time was devoted generally to litigation as a whole. Accordingly, the Court finds that Plaintiff should recover 67% of the total attorney's and paralegal fees to account for her significant, yet limited success on the merits.

Because the Court's deduction will account for Mr. Mozes's own reduction, the Court finds that reasonable hours for Mr. Mozes expended in litigating the hostile work environment claim amounted to 378.82 hours (565.4 hours x 0.67). This result is a reasonable, commensurate fee in light of the relative success obtained.

### 2. Reasonable Hourly Rate

A court should establish an hourly rate award based on what the evidence shows the market commands for lawyers of comparable skill and experience practicing in the area of civil rights or analogous litigation. *See Case*, 157 F.3d at 1255-56. Mr. Mozes seeks $325 per hour, although he acknowledges that his standard hour fee rate is $300, but he has considered raising that rate. Aff. of Michael Mozes ¶ 17, ECF No. 173-3. Mr. Mozes has been a practicing attorney for over 20 years with considerable experience in civil rights work. *See id.* ¶¶ 5-9. He has attached the Affidavit of Charles Archuleta, an experienced civil rights attorney in the New

Mexico legal community, who avers that a $325 hourly rate is a fair and reasonable fee for the services rendered by attorneys like Mr. Mozes in Albuquerque. *See* Aff. of Charles Archuleta, ¶¶ 1-4, 9, ECF No. 173-6. The Court finds, based on the evidence, that an hourly rate of $300, the amount Mr. Mozes has been charging his clients, is reasonable for an attorney with similar experience and skill in this market area. *See Case*, 157 F.3d at 1257 (explaining reasons why plaintiff's counsel in civil rights may be paid more than counsel representing governmental entity); *Calderon v. Herrera et al.*, No. Civ. 2011-0482 WJ/GBW, at 2 (D.N.M. June 20, 2012) (awarding $300 hourly rate for experienced attorney); *Anchondo v. Anderson, Crenshaw, & Associates, LLC*, No. Civ. 08-0202 RB/WPL, at 3 (D.N.M. Oct. 19, 2010) (same).

### 3. Total Attorney's Fees

The Court finds that the amount for attorney's fees is $133,646.00 (378.82 hours x $300). Using the 7.3125 current GRT for Albuquerque, as Mr. Mozes has done without objection, the tax amounts to $9,772.86. The total attorney's fee award is thus $143,418.86 for Mr. Mozes's work on the hostile work environment claim.

## B. Paralegal Fees

The Court will likewise adjust downward the paralegal hours, awarding 67% of the requested hours (164 hours x 0.67 = 109.88 hours). *See* Aff. of Norma L. Mozes, ECF No. 173-5. The Court finds that the requested $85 hourly fee for Norma Mozes's paralegal work is reasonable in the local market area. *See id.*; Aff. of Michael Mozes ¶ 19, ECF No. 173-3. Consequently, the Court will award $9,339.80 in expenses for paralegal fees, plus GRT of $682.97, for a total amount of $10,022.77.

## C. Costs and Other Expenses

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party should be awarded costs. Fed. R. Civ. P. 54(d)(1). Rule 54 "makes the award of costs presumptive." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000). Under Section 1920 of Title 28 of the United States Code, a court may tax costs on the fees of the clerk, transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, copy fees where copies were necessarily obtained for use in the case, and docket fees. 28 U.S.C. § 1920; *Mitchell*, 218 F.3d at 1204 (stating that § 1920 authorizes recovery of costs for all depositions reasonably necessary to litigation of the case). Where the prevailing party has only been partially successful, a district court may exercise its discretion under Rule 54(d)(1) and elect to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. *See Barber v. T.D. Williams, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir. 2001).

"Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate." *Case*, 157 F.3d at 1257-58. Out-of-pocket expenses, such as travel, that are incidental and necessary expenses incurred in providing effective representation are authorized by 42 U.S.C. § 1988. *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000). The fee applicant must show that the requested expenses are usually billed separately to a private client in the market area and not normally absorbed as part of law firm overhead. *See id.* at 1297-98. Costs incurred by third parties who are not attorneys in the case, such as interpreters and stenographers, are governed by Section 1920. *Id.*

Mr. Mozes avers that that all the costs and expenses set forth in his cost bill and his time records and expenses were billed out to his client and are the sort of expenses billed out to all

clients he represents. Aff. of Michael Mozes ¶ 20, ECF No. 173-3. The Court has reviewed the cost bill and finds that it contains both costs requested under Section 1920 and expenses requested as those usually billed in addition to the attorney's hourly rate. Despite Defendant's argument that Plaintiff should have separately itemized costs and expenses and her failure to do so should be fatal to her recovery, the Court will consider the evidence. *See Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) ("Although Bee listed [travel and accommodation] expenses as costs rather than attorney's fees, his categorization of the items is not dispositive of their recoverability."). The Court will now turn to the specific objections made by Defendant.

1. **Copies**

Defendant argues that Plaintiff has not met her burden of showing the $1,840.70 copy fees were reasonable and necessary. This case involved a large number of documents, and the Court's review of the itemized costs bill indicates that the copies requested at $0.20 per page were for necessary and reasonable litigation expenses, for example, copies of the complaint, answer, initial disclosures, motions, briefs, and exhibits. The Court will award Plaintiff the costs and expenses of the copies requested. *See Case*, 157 F.3d at 1259 ("We do not require that a civil rights attorney justify each copy he or she makes, and we do not think that the burden to justify copies is a high one.").

2. **Legal Research**

Although legal research may not be a taxable cost under Section 1920, legal research is a permitted expense and is normally separately billed to a client. The Court will allow Plaintiff to recover the reasonable amount of $690 in legal research costs she requests. *Case*, 157 F.3d at 1257-58 (awarding legal research charges if they are reasonable, itemized, and billed in addition to the hourly rate).

### 3. Faxes

Plaintiff seeks $10 for faxes, which although not taxable costs, may be permitted expenses to separately bill a client. *See Case*, 157 F.3d at 1257-58 (awarding fax charges if they are reasonable, itemized, and billed in addition to the hourly rate). The costs account for two faxes, one from the client and one to the magistrate judge assigned to the case, each billed for $5.00. Plaintiff has not shown, however, the cost per page or why the faxes were necessary for the litigation, so the Court will deduct the fax expenses from the cost bill.

### 4. Lodging/mileage/per diem

Travel expenses are out-of-pocket expenses not absorbed as part of firm overhead and would normally be billed to a private client in this area. The Court will award Plaintiff the costs of counsel's mileage to and from and lodging in Farmington for depositions, because the amounts were reasonable and necessary for litigation purposes. *Cf. Bee*, 910 F.2d at 690 (explaining that attorney travel costs are type that might be included in attorney's bill to private client). The Court, however, will not award $240.00 for "4 per diems" on 9/23-26/13, because Plaintiff did not show that these expenses were reasonable, necessary, and items normally billed to a private client. Similarly, the Court will exclude $60.00 for per diem incurred and billed on November 4, 2013, for a total of $300.00 excluded from the total expense calculation.

### 5. Deposition Transcripts

Defendants argues that the total of $4,896.17 for deposition transcripts and other expenses invoiced by the court reporter who traveled to Farmington to transcribe depositions, including the court reporter's mileage and hotel fees, are not recoverable because Plaintiff did not provide evidence that all those transcripts were relied upon by the Court or used at trial. Additionally, Defendant contends that, if the Court considers the unsupported request, the Court

should only allow recoverable costs for the depositions of Ms. Garcia, Richard Miller, Bryson Ahkeah, and Donna Brooks, which the Court either cited in its Memorandum Opinion and Order on Defendant's Motion for Summary Judgment, or were introduced at trial.

When determining whether deposition costs were necessarily obtained for use in the case, a court should authorize the recovery of costs for all depositions reasonably necessary to the litigation of the case *based on the facts known to the parties at the time the expenses were incurred*. *See Mitchell*, 218 F.3d at 1204-05. The Court finds that the depositions taken were reasonable and necessary to litigate the case based on the facts at the time. *See id.*; *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (explaining that materials or services reasonably necessary for use in case, even if they are not ultimately used to dispose matter, may be recoverable as costs); D.N.M.L.R.Civ. 54.2(b)(2)(C) (explaining that deposition is reasonably necessary to litigation when Court so determines).

Not all costs associated with the taking of depositions, however, are recoverable, because the statute covers costs for "printed or electronically recorded transcripts." *Cf. Harvey*, 951 F.Supp.2d at 72 ("The statute provides for costs for 'printed or electronically recorded *transcripts*,' it does not provide for all costs associated with the taking of depositions."). Plaintiff has not asserted that the court reporter's mileage and hotel costs are covered by Section 1920. Nor has Plaintiff provided specific evidence or argument that such costs are the type of expenses generally billed by attorneys separately to their clients, and thus, recoverable under Section 1988. Accordingly, because Plaintiff failed to meet her burden, the Court will exclude the costs of the court reporter's mileage and hotel, as well as the sales tax charged for those amounts, for a total reduction from the total deposition costs of $632.59 ($90 mileage + $501.21 hotel + $41.38 7% sales tax). *See* Pl.'s Cost Bill, ECF No. 173-1 at 8 of 20.

### 6. Court Transcripts

Defendant objects to $19.80 for a copy of the transcript of the Court's October 13, 2015 status conference. Costs of transcripts of a court proceeding is taxable as a cost when requested by a party and authorized by the Court before transcription. D.N.M.L.R.Civ. 54.2(a). The Court did not pre-authorize the transcription, so the cost is not taxable under Section 1920. Moreover, the status conference concerned consolidation. Plaintiff has not shown that the expense for this transcript was necessarily incurred in the litigation. *See* Clerk's Minutes, ECF No. 97. The Court will therefore reduce Plaintiff's Cost Bill by an additional $19.80.

### 7. Witness Fees

Defendant argues that fees for Emeric Blair, Karen Reyes, Bryan Johnson, and Shannon Fitzgerald should not be awarded. Defendant argues that Emeric Blair and Karen Reyes were friends of Ms. Garcia's and need not have been subpoenaed, but there is no evidence presented that they would have shown up at trial absent a subpoena. With respect to Mr. Johnson and Mr. Fitzgerald, Defendant asserts that they were called exclusively to testify concerning the failure to promote and breach of contract claims. As to Mr. Fitzgerald, the Court finds that he offered testimony relevant to Ms. Garcia's hostile work environment claim, in addition to her other claims. *See* Trial Tr. 26:9-29:2, 33:12-41:23. Plaintiff did not refute that Mr. Johnson testified at trial to matters only regarding her promotion and breach of contract claims. *See* Pl.'s Reply 9, ECF No. 176. Although at the time Plaintiff took Mr. Johnson's deposition, there was reason to believe he might have testimony as to all the claims, by the time of trial, Plaintiff only offered testimony by Mr. Johnson related to the failure to promote claim. The Court will therefore deny Plaintiff fees for Mr. Johnson. The Court will therefore reduce the cost bill by $290.00.

Defendant additionally argues that the witness fee amount is excessive. Witness fees are recoverable under Section 1920, but limited by 28 U.S.C. § 1821 to $40 per day plus mileage. *See* 28 U.S.C. § 1821; Fed. R. Civ. P. 45(b)(1); *Harvey v. Mohammed*, 951 F.Supp.2d 47, 67-68 (D.D.C. 2013). Defendant objects to the witness fee of $290.00 billed for each of the five witnesses because Plaintiff has not demonstrated why each is entitled to $250.00 for mileage. Defendant notes that, even if Plaintiff used Farmington generally, rather than the witnesses' specific residences, the mileage from Farmington to the courthouse is only $209.64. Because Defendant acknowledges that witness mileage is recoverable by statute and appears to acknowledge that the witnesses are from the Farmington area, this Court will use $209.64 for the mileage for each witness and allow a fee of $249.64 for each witness. The Court will therefore further reduce the cost bill by $161.44 (4 witnesses x ($290.00 - $249.64)).

The total deducted from witness fees will be $451.44 ($290.00 + $161.44).

### 8. Mileage to and from Farmington – Subpoenas

Defendant contends that the request billed on February 10, 2016 for "Mileage to and from Farmington – Subpoenas to Blair, Reyes, Brooks, Baca and Ahkeah" does not explain who incurred the mileage or why. Plaintiff did not respond to this particular argument. The Court will reduce the cost bill by $206.22.

### 9. Parking and mileage

Plaintiff requests parking and mileage for a court status conference on March 26, 2015 ($11.00); a court hearing on October 13, 2015 ($11.00); and mileage and parking for four days during trial ($44.00). Pl.'s Cost Bill, ECF No. 173-1 at 4 of 20. These costs are not covered by Section 1920, and the Court is not convinced that these are the sort of reasonable and necessary expenses usually billed to clients when hearings and trial are in the same city as counsel's office.

*Cf. Harvey*, 951 F.Supp.2d at 73 (excluding mileage and parking fees). The Court will therefore reduce the cost bill by $66.00.

### 10. Witness lodging and meals

Defendant objects to $1,017.40 for "Trial Witnesses' lodging," $226.22 for "Trial Witnesses' mil[e]age," and $185.69 for "Trial Witnesses' Meals." Plaintiff did not specifically address this argument and thus has not met her burden of showing that lodging and meal costs for witnesses are recoverable as expenses usually charged separately in the area by attorneys. Neither is this Court convinced that such costs are covered by Section 1920, and thus will be excluded. *See Harvey*, 951 F.Supp.2d at 71 ("Lodging costs for the parties, witnesses, and consultants are neither the sort of expense typically included in attorney's fees, nor do they fall under the definition of 'costs.'"). The Court will reduce the cost bill by an additional $1,429.31.

### 11. Miscellaneous items

Defendant also objects to expenses for "Trial Folder—Pleadings file" ($12.00), "116 Bates Stamp—Discovery" ($12.60); "Doc. 42 Def. First Set of Supp. Answers ($3.45); "10 Trial Folders ($50.00); and "5 1-200 Tabs for Trial Folders" ($160.00). The Court will not strike the $3.45 cost, as it appears to cover copies that are reasonably and necessarily incurred in the litigation. The Court will, however, not permit the remaining fees because they are not covered by Section 1920 and Plaintiff has not shown that those are the types of expenses ordinarily separately billed to a private client rather than being subsumed in overhead costs. The Court will therefore reduce the expenses award by $234.60.

### D.  Final Calculation of Attorney's Fees and Costs

    1.    Attorney's Fees = $143,418.86 +

    2.    Paralegal Fees = $10,022.77 +

      3.    Costs and Expenses = $10,222.17 ($13,572.13 total - $10.00 faxes - $300.00 per diem - $632.59 deposition costs - $19.80 court transcripts - $451.44 witness fees - $206.22 Mileage to and from Farmington – Subpoenas - $66.00 parking and mileage - $1,429.31 witness lodging and meals - $234.60 miscellaneous) =

      4.  Total Award = $163,663.80

### E. Post-Judgment Interest

Plaintiff requests post-judgment interest on the fee award. Defendant has not contested this request. The Court will therefore award post-judgment interest on the attorney fee and cost award. *See Wheeler v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993) (holding that 28 U.S.C. § 1961 mandates interest on award of attorney's fees and costs).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Costs and Application for Attorney's Fees and Expenses (**ECF No. 173**) is **GRANTED in part and DENIED in part** as follows:

1. The Court **GRANTS** the motion for an award of attorney's fees, expenses, and costs, but **DENIES** the full amount requested.
2. The Court awards Plaintiff **$163,663.80** in total fees and costs, as well as post-judgment interest.

_____
**UNITED STATES DISTRICT JUDGE**